IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| SUBH INVESTMENT, LLC, | Case No. 6:17-cv-00277-AA |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| KARAN SINGH, | |
| Defendant. | |

Aiken, District Judge:

Plaintiff SUBH Investment, LLC ("SUBH"), has sued defendant Karan Singh alleging claims for breach of contract and waste. (doc. 1). On April 26, 2017, the Clerk made an entry of default against defendant. (doc. 6). Defendant now moves this Court to set aside the Entry of Default. (doc. 8). For the reasons set forth herein, defendant's motion is GRANTED.

## BACKGROUND

On July 11, 20013, plaintiff, an Oregon Corporation, executed a contract, outlined on the back of a napkin, for the purchase of a sixty room hotel owned by defendant, a citizen of California, for a price of $750,000. The hotel is located in Roseburg, Oregon and was associated with the America's Best Value Inn ("ABVI") brand. On July 14, 2003, plaintiff alleges it performed an inspection of the hotel which showed that the property was generally clean and in working order. Before closing the transaction, however, defendant executed a second contract with a competing buyer, JV Envision, LLC ("JV"), for $850,000. Plaintiff then filed an action for

specific performance of the sale agreement in Douglas County Circuit Court (Case no. 13-cv-3003-CC). On August 5, 2013, JV filed suit against defendant and plaintiff for specific performance of its contract. On August 12, 2013, defendant leased the property to JV, which operated the property during the underlying state litigation.

The underlying case proceeded to a bench trial in September 2014, and on September 30, 2014, the trial court entered judgement in favor of plaintiff. The defendant was directed to promptly execute a deed and close the transaction, delivering possession to plaintiff no later than October 24, 2014. JV Investments subsequently settled its state claims against defendant. However, defendant allegedly refused to turn over possession of the hotel to plaintiff during the pendency of his appeal.

The trial court denied defendant request for stay of the udgement and this decision affirmed by the Court of Appeals on January 27, 2015. On February 17, 2015, plaintiff obtained a writ of execution and took possession of the property on February 18, 2015. On October 1, 2015, plaintiff closed its transaction with defendant and obtained title to the property. On February 18, 2016 the Oregon Court of Appeals granted plaintiff's motion to dismiss defendant's still pending appeal and entered an appellate judgment in plaintiff's favor.

Plaintiff filed the present action on February 17, 2017, alleging claims for breach of contract and waste. Plaintiff claims that when it took possession of the property in February 2015, it found that the property was severely damaged, nearly unusable as a hotel, and in need of extensive repairs. It further alleges that plaintiff and JV began using the property as a monthly apartment building. SUBH also learned that ABVI had terminated the hotel's franchise agreement, allegedly due to property damage. Plaintiff alleges that this reduced the money it

could earn from the property as well requiring a significant fee to obtain a new franchise agreement. Plaintiff alleges damages in the amount $1,250,000.

It is undisputed that on March 5, 2017, defendant was personally served with a summons and the Complaint in this case. (doc 3). On April 6, 2017, plaintiff moved for Entry of Default against defendant as 21 days had passed since service with no answer having been filed by defendant. On April 26, 2017, the Clerk made an Entry of Default against defendant. (doc. 6) On June 7, 2017, defendant filed the present Motion to Set Aside the Entry of Default. (doc. 8) Oral argument was heard on September 27, 2017.

## LEGAL STANDARD

Entry of default may be set aside upon a showing of good cause. Fed R. Civ. Pro. 55(c). The Ninth Circuit's good cause standard for setting aside entry of default is the same as that for setting aside default judgment under Rule 60(b), but the test for setting aside entry of default is less rigid and is more generous to the party in default. *Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F. 3d 922, 925 (9th Cir. 2004), *cert. den.*, 544 U.S. 949 (2005). Further, "[t]he law does not favor defaults," and "therefore, any doubts as to whether a party is in default should be decided in favor of the defaulting party." *Eclectic Prod., Inc. v. Painters Prod., Inc.*, No. 2014 WL 12703283, at 1 (D. Or. 2014) (citing *Bonita Packing Co. v. O'Sullivan*, 165 F.R.D. 610, 614 (C.D. Cal. 1995)).

A court considers three factors when deciding whether to set aside default: (1) whether the defendant's culpable conduct led to the default; (2) whether the defendant has a meritorious defense; and (3) whether setting aside default would prejudice the plaintiff. *Franchise*, 375 F. 3d at 925-926. The party in default bears the burden of establishing good cause, and "a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the

default." *United States v. Signed Pers. Check No.730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). However, "the law does not favor defaults, and therefore, any doubts as to whether a party is in default should be decided in favor of the defaulting party." *Eclectic Prod., Inc. v. Painters Prod., Inc.*, 2014 WL 12703283, at 1 (D. Or. 2014) (citing *Bonita Packing Co. v. O'Sullivan*, 165 F.R.D. 610, 614 (C.D. Cal. 1995)).

## DISCUSSION

First, I examine whether defendant's culpable conduct led to the default. Defendant admits that he did not file a timely response, but he argues that his conduct was excusable because of personal illness which did not allow him to personally deliver a copy of the complaint to an attorney.

Negligent failure to respond is excusable if the defaulting party offers a credible, good faith explanation for the delay that negates "any intention to take advantage of the opposing party, interfere with judicial decision-making, or otherwise manipulate the legal process." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697–98 (9th Cir. 2001). Further, the court may consider the defendant's exigent personal situation, his mental state, and his lack of familiarity with legal matters. Id. at 699.

Defendant specifically alleges that at the time of service he was bedridden due to a number of medical conditions including liver disease, pneumonia, anemia, and an undiagnosed gastric disorder. He also avers that he gave the complaint and summons to his caregiver on March 10, 2017, to fax to his attorney, but his caregiver allegedly misplaced the documents and did not fax them. Defendant further details his extensive efforts to personally obtain another

copy of the complaint.[1] He eventually obtained a copy and gave it to his attorney, Dan McKinney.[2]

Defendant's medical records support his claims regarding his illness. He avers that his failure to respond to the suit was unintentional and caused by his illnesses. Defendant further argues that plaintiff knew he was represented by his present attorney in the underlying state litigation, but did not seek to serve the complaint through Mr. McKinney. He also complains that plaintiff did not send a notice of his intention to seek default to defendant or Mr. McKinney.

Plaintiff argues that defendant is a legally sophisticated business person who has experience in real estate and was familiar with the concept of default judgment. Therefore, it argues, defendant should be held to a higher standard than the one set forth in *TCI Group Life Ins. Plan, supra*. I do not find this distinction persuasive. Certainly, it is frustrating, given the extensive recitation of his personal efforts obtain an additional copy of the complaint, that plaintiff did not simply telephone his attorney or SUBH's attoreny about this matter earlier. Nevertheless given the allegations concerning defendant's health and mental state as set forth in the supporting declarations to his motions, I do not find sufficient evidence in the record to support that defendant had an "intention to take advantage of the opposing party, interfere with

---

[1] Defendant contends that he contacted Peter Kumar, owner of SUBH, to request another copy of the complaint. After not receiving a copy from Kumar, defendant traveled to the Douglas County Courthouse to obtain a copy; however, he learned that the suit was not filed in circuit court. He alleges while on this trip he became ill and was hospitalized. He was then directed by his doctor to return home to his home in California.
Defendant finally obtained another copy of the complaint and civil summons on April 20, 2017, when he traveled to Portland and visited the office of plaintiff's attorney. He alleges that on that day he again became violently ill, requiring further hospitalization. He then returned California. He contends that he was not able to return to Oregon until May 12, 2017, when he was able to meet with attorney.

[2] Counsel for defendant represents that upon meeting with defendant receiving the legal document in May 2017, he contacted counsel for defendant to request that he join in a request to set aside the entry of default, but defendant denied the request.

5 – OPINION AND ORDER

judicial decision-making, or otherwise manipulate the legal process." *Id* at 697-98. Further, I note that in assessing the factual circumstances asserted by the parties, "all doubts are resolved in favor of the party seeking relief." *Biton v. Palestinian Interim Self Gov't Auth.*, 233 F. Supp. 2d 31, 33 (D.D.C. 2002) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C.C. 1980)). Thus, I do not find the first factor warrants denying the motion to set aside default.

Now, I consider whether defendant has a meritorious defense. A defense is considered meritorious if "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986). All that is required is an assertion of "a factual or legal basis that is sufficient to raise a particular defense; the question of whether a particular factual allegation is true is resolved at a later stage." *Audio Toys, Inc. v. Smart AV Pty Ltd*, 2007 WL at 1655793 at 3 (N.D. Cal. 2007).

Though there is no proposed answer filed in the briefing, defendant outlines several issues he might raise in his answer. Defendant denies certain factual allegations in complaint regarding the knowledge of plaintiff when it took possession of the property as well as the reason for the loss of the ABVI franchise. Plaintiff also avers that JV is an essential party to this litigation as it operated the property as lessee during the pendency of the underlying state court suit and may be liable for damages it may have caused to the property. Plaintiff contends that defendant has not alleged sufficient facts that would constitute a defense.

I make no comment on whether the theories offered by defendant would prevail in summary judgment or at trial. I note that the burden on a party seeking to vacate a default judgment is not extraordinarily heavy. *TCI Grp. Life Ins. Plan*, 244 F.3d at 700 (citing to *In re*

*Stone*, 588 F.2d 1316, 1319 n. 2 (10th Cir.1978) (explaining that the movant need only demonstrate facts or law showing the trial court that "a sufficient defense is assertible").

Having reviewed the record and the representations of defendant, I find potential merit in the defenses presented. Were defendant to prevail, even partially, on these defenses, the outcome would be contrary to the result achieved by default.[3] Therefore, defendant has set forth a meritorious defense and satisfies the second good cause factor.

Next, I ask whether setting aside default would prejudice plaintiff. Prejudice is determined by whether a party will be hindered in pursuing its claim. *See TCI Grp. Life Ins. Plan*, 244 F.3d at 701. The fact that a party may be denied a quick victory is not sufficient to deny relief from default judgment. *Bateman v. Unites States Postal Service*, 231 F.3d 1220, 1225 (9th Cir. 2000). "The delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusions." *Audio Toys, Inc.*, 2007 WL 1655793 at 3. Plaintiff offers no compelling arguments regarding how it would be prejudiced moving forward. Thus, I find that a mere delay in litigation does not constitute prejudice needed to support harsh sanction of default in this case.

Considering all three good cause factors, I find that it is appropriate to vacate the entry of default in favor of allowing the suit to proceed on the merits.

## CONCLUSION

For the reasons set forth above, defendant's Motion to Set Aside Entry of Default (doc. 8) is GRANTED. The Clerk is hereby directed to VACATE the Entry of default. (doc. 6) Defendant shall file an answer within 14 days of this order. The parties are further ordered to confer and submit a joint proposed scheduling order within 30 days of this order. The proposal

---

[3] I note that defendant is not limited to the defenses he presented in the briefing for this motion when he files formal answer.

7 – OPINION AND ORDER

shall include deadlines for discovery, dispositive motions, a joint ADR report, pretrial order, and any other deadlines that the parties may find helpful.

IT IS SO ORDERED.

DATED this 19th day of March 2018.

*/s/ Ann Aiken*

ANN AIKEN

United States District Judge